IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------X :
ADMIRAL INSURANCE COMPANY          :   Docket No.
                                   :
         Plaintiff,                :
                                   :   **COMPLAINT**
     v.                            :
                                   :
ANDY MENG and PI DELTA PSI         :
FRATERNITY INC.                    :
                                   :
         Defendants.                :
---------------------------------------------------X

Plaintiff, ADMIRAL INSURANCE COMPANY ("Admiral" or "Plaintiff"), by and through its attorneys, PILLINGER MILLER TARALLO, LLP, complaining of the defendants, alleges, upon information and belief, as follows:

### THE PARTIES

1.   Plaintiff Admiral Insurance Company ("Admiral") is a corporation organized under Delaware law with a principal place of business in Scottsdale, Arizona.

2.   Defendant Pi Delta Psi Fraternity, Inc. ("Pi Delta") is a corporation organized under New York law with a principal place of business in New York.

3.   Defendant Andy Meng is an individual who resides in New York and is a citizen of New York.

### VENUE AND JURISDICTION

4.   Under 28 U.S.C. §1332(a), the matter in controversy for this insurance coverage dispute exceeds $75,000.00 exclusive of interest and costs.

5.   Under 28 U.S.C. §1332(a)(1), both Pi Delta and Meng are citizens of New York who are diverse from Admiral's Delaware and Arizona contacts.

**6.** This insurance coverage case presents a justiciable controversy because Admiral asserts that the terms, conditions, and exclusions of its policy do not provide coverage for defense or indemnity for Pi Delta or Mr. Meng in a pending lawsuit which Admiral is defending under a reservation of rights.

**7.** Under 28 U.S.C. §1391(b)(2), venue is proper in this Court because this is insurance coverage dispute arising under an insurance contract which was issued to Pi Delta at its headquarters in Queens County, New York.

**8.** Consistent with 28 U.S.C. §2201, et seq., there is an actual controversy between Admiral and the defendants because the defendants assert Admiral must defend and/or indemnify them under the Admiral Policy for liabilities alleged in the Hazing Lawsuit.

### NATURE OF DISPUTE

**9.** This is an insurance coverage case which arises from the December 9, 2013 death of Chun Hsien ("Michael") Deng.

**10.** Mr. Deng was a student at Baruch College in New York and was the victim of a fraternity hazing ritual which occurred during a Pi Delta initiation ceremony in the Pocono Mountains in Pennsylvania.

**11.** Admiral issued to Pi Delta insurance policy CA000002288-11 effective 1/17/2013 – 1/17/2014 (the "Admiral Policy"). (A true and correct copy of the Admiral policy is attached as **Exhibit 1**.)

**12.** Mr. Meng has claimed status as an additional insured under the Admiral Policy.

**13.** Mr. Deng's mother and his estate filed a lawsuit against Pi Delta and Meng arising from the death of Mr. Deng. That lawsuit is captioned, <u>Xiu Fen Liu v. Pi Delta Psi Fraternity, Inc.</u>, 3028 cv 2015 (Monroe County, PA) ("Hazing Lawsuit").

14. On March 21, 2019, the court presiding over the Hazing Lawsuit issued a summary judgment decision in a consolidated opinion which finds both Mr. Meng and Pi Delta liable for participating or directing hazing actions which caused Mr. Deng's death. (A true and correct copy of the March 21, 2019 Hazing Lawsuit summary judgment order is attached as **Exhibit 2**.)

15. Admiral has defended and continues to defend both Pi Delta and Mr. Meng in the Hazing Lawsuit under a reservation of rights to deny coverage.

16. One of the exclusions under which Admiral reserved the right to deny coverage eliminates coverage for any individual or entity who participates in or directs hazing activity.

17. Since both Pi Delta and Mr. Meng were found liable on March 21, 2019 for hazing in connection with the death of Mr. Deng, Admiral files this lawsuit to establish that it does not owe defense or indemnity for Pi Delta or Mr. Meng toward the claims in the Hazing Lawsuit.

18. By letters dated April 22, 2019, Admiral disclaimed coverage to Pi Delta and Mr. Meng for the Hazing Lawsuit, but agreed to defend pending an adjudication of Admiral's coverage positions. (Copies of the April 22, 2019 letters are attached as **Exhibit 3**.)

## COUNT I
### Declaratory Judgment: Hazing Exclusion

19. Admiral repeats and realleges each and every allegation contained in paragraphs "1" – "18" above with the same force and effect as if fully set forth herein.

20. The Admiral Policy contains the endorsement "Hazing, Sexual or Physical Abuse or Molestation Exclusion" (Form AD 06 53 01 03) (the "Hazing Exclusion") that provides:

> It is agreed this insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of hazing, sexual abuse, physical abuse or molestation committed by any insured.
>
> This exclusion applies only to insureds who participate in or direct others to participate in the hazing, sexual abuse, physical abuse, or molestation.

(Ex. 1.)

**21.** On March 21, 2019, the court in the Hazing Lawsuit issued a decision which found both Mr. Meng and Pi Delta to be liable for civil hazing. Specifically, that court held:

> The Motion for Partial Summary Judgment as to liability is granted as to Defendants Pi Delta Fraternity, Inc. and Andy Meng as to liability only on the theory of negligence per se. The remaining aspects of the motion as to these Defendants are denied.

(See Ex. 2, Order at p. 15.)

**22.** The March 21, 2019 decision entered civil liability against Mr. Meng after acknowledging that he pled guilty to Conspiracy to Hinder Apprehension/Conceal Evidence and Conspiracy to Commit Hazing on November 30, 2017. (See Id. at p. 6.)

**23.** Mr. Meng pled that he conspired "to participate in hazing." (Id.)

**24.** The March 21, 2019 decision also entered civil liability against Pi Delta after acknowledging that Pi Delta went to trial on assault and hazing charges, and was convicted. (Id., p. 7.)

**25.** The court in the Hazing Lawsuit held that Mr. Meng and Pi Delta were collaterally estopped to deny they breached duties with regard to the hazing of the decedent. (Id. at p. 8-9.)

**26.** Prior to the March 21, 2019 summary judgment decision, Mr. Meng and Pi Delta argued that they were not collaterally estopped in the civil proceedings by the criminal proceedings, and Admiral continued to defend both defendants as they denied collateral estoppel.

**27.** The court in the Hazing Lawsuit now has held that the criminal convictions were part of a "conspiracy to haze" the decedent which required summary judgment on liability against both Mr. Meng and Pi Delta. (Id. at p. 12.)

**28.** Based upon the Hazing Exclusion, there is no coverage under the Admiral policy for Pi Delta in the Hazing Lawsuit.

**29.** Admiral is entitled to a declaration that it has no duty to defend Pi Delta in the Hazing Lawsuit.

**30.** Admiral is entitled to a declaration that its duty to defend Pi Delta in the Hazing Lawsuit is terminated.

**31.** Admiral is entitled to a declaration that it has no duty to indemnify Pi Delta in the Hazing Lawsuit.

**32.** Based upon the Hazing Exclusion, there is no coverage under the Admiral policy for Mr. Meng in the Hazing Lawsuit.

**33.** Admiral is entitled to a declaration that it has no duty to defend Mr. Meng in the Hazing Lawsuit.

**34.** Admiral is entitled to a declaration that its duty to defend Mr. Meng in the Hazing Lawsuit is terminated.

**35.** Admiral is entitled to a declaration that it has no duty to indemnify Mr. Meng in the Hazing Lawsuit.

## COUNT II
### Declaratory Judgment: Assault And/Or Battery Exclusion

36. Admiral repeats and realleges each and every allegation contained in paragraphs "1" – "35" above with the same force and effect as if fully set forth herein.

37. The Admiral Policy contains the endorsement "Assault and/or Battery Exclusion" (Form AD 06 52 01 03) (the "A&B Exclusion") that provides:

> It is agreed this insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of any act of assault and/or battery by any insured.
>
> This exclusion applies only to insureds who participate in or direct others to participate in the assault and/or battery.

(Ex. 1.)

38. On March 21, 2019, the court in the Hazing Lawsuit issued a decision which outlined an assault and/or battery upon Mr. Deng as part of an initiation ritual known as the "glass ceiling." (See Ex. 2, p. 3-5.)

39. Specifically, that court in the Hazing Lawsuit issued a March 21, 2019 decision which outlined three "tiers" of the "glass ceiling" ritual in which individuals first would blindfold Mr. Deng, second would push Mr. Deng to the ground repeatedly, and third would tackle Mr. Deng repeatedly. (Id. at p. 3-5.)

40. The court in the Hazing Lawsuit issued a March 21, 2019 decision which found that Mr. Deng was knocked "lifeless" to the ground, was taken to the hospital, and he died of "closed head trauma" or "blunt force head trauma." (Id. at p. 5.)

41. The court in the Hazing Lawsuit issued a March 21, 2019 decision which found that Mr. Meng "was aware that the Baruch Colony would be holding an initial ritual in the Poconos on the weekend of December 6, 2013." (Id. at p. 6.)

**42.** The court in the Hazing Lawsuit issued a March 21, 2019 decision which found that Mr. Meng knew tackling still occurred during this initiation. (Id.)

**43.** The court in the Hazing Lawsuit issued a March 21, 2019 decision which found that Mr. Meng conspired to participate in hazing which included these actions. See Id. at p. 6.

**44.** The court in the Hazing Lawsuit issued a March 21, 2019 decision which found "Meng knew that Michael would be exposed to violent tackling in the Glass Ceiling ritual." (Id. at p. 8.)

**45.** The court in the Hazing Lawsuit issued a March 21, 2019 decision which also found that Pi Delta was convicted of "aggravated assault" in connection with Mr. Deng's death. See Id. at p. 7.

**46.** The court in the Hazing Lawsuit issued a March 21, 2019 decision which applied collateral estoppel to these criminal proceedings for use as evidence to establish civil liability. See Id. at p. 8-9.

**47.** These actions which took place during the glass ceiling ritual are an assault and battery within the terms of the A&B Exclusion.

**48.** Based upon the A&B Exclusion, there is no coverage under the Admiral policy for Pi Delta in the Hazing Lawsuit.

**49.** Admiral is entitled to a declaration that it has no duty to defend Pi Delta in the Hazing Lawsuit.

**50.** Admiral is entitled to a declaration that its duty to defend Pi Delta in the Hazing Lawsuit is terminated.

**51.** Admiral is entitled to a declaration that it has no duty to indemnify Pi Delta in the Hazing Lawsuit.

52. Based upon the A&B Exclusion, there is no coverage under the Admiral policy for Mr. Meng in the Hazing Lawsuit.

53. Admiral is entitled to a declaration that it has no duty to defend Mr. Meng in the Hazing Lawsuit.

54. Admiral is entitled to a declaration that its duty to defend Mr. Meng in the Hazing Lawsuit is terminated.

55. Admiral is entitled to a declaration that it has no duty to indemnify Mr. Meng in the Hazing Lawsuit.

## COUNT III
### Declaratory Judgment: Andy Meng Is Not An Insured Under The Admiral Policy

56. Admiral repeats and realleges each and every allegation contained in paragraphs "1" – "55" above with the same force and effect as if fully set forth herein.

57. The Admiral Policy defines "Who Is An Insured" in relevant part to include directors or "executive officers" but extends that status "only with respect to their duties as your officers or directors." (See Ex. 1, Form CG 00 01 12 07, Section II.1.d.)

58. In addition, the Admiral Policy contains the endorsement "Who Is An Insured – Amendatory Endorsement" (Form AI 06 51 01 03) that provides in relevant part:

> It is agreed that SECTION II WHO IS AN INSURED paragraph 2. is amended to include the following:
> \*   \*   \*   \*
> (h) Officers, directors, trustees, partners, coordinators, custodians, committee members, council members, volunteers, housemothers, resident advisors, faculty advisors, fraternity members, member candidates (pledges), and employees of the Named Insured, but only while acting within the scope of their duties on behalf of the Named Insured.

(See Ex.3 , Form AI 06 51 01 03 (Ex. 1)).

59. Andy Meng claims coverage under the Admiral Policy because as an executive officer or officer, specifically the president of Pi Delta at the time of Mr. Deng's hazing death.

60. Under Form CG 00 01 12 07, Section II.1.d, quoted above, Mr. Meng may claim status as an insured officer of Pi Delta only with respect to his duties as an officer to Pi Delta.

61. Under Form AI 06 51 01 03 quoted above, Mr. Meng may claim status as an insured officer of Pi Delta only if he was acting within the scope of duties to Pi Delta.

62. Upon information and belief, the participation in or direction of hazing actions is outside the scope of any duties owed to Pi Delta as an officer or otherwise.

63. The March 21, 2019 summary judgment decision in the Hazing Lawsuit held that Mr. Meng participated in or directed hazing actions which contributed to the death of Mr. Deng. (See Ex. 2.)

64. As a result, Mr. Meng has acted outside the scope of his duties to Pi Delta and is not an insured under the Admiral Policy for the Hazing Lawsuit.

65. Admiral is entitled to a declaration that it has no duty to defend Mr. Meng in the Hazing Lawsuit.

66. Admiral is entitled to a declaration that its duty to defend Mr. Meng in the Hazing Lawsuit is terminated.

67. Admiral is entitled to a declaration that it has no duty to indemnify Mr. Meng in the Hazing Lawsuit.

## COUNT IV
### Declaratory Judgment Additional Bases On Coverage

68. Admiral repeats and realleges each and every allegation contained in paragraphs "1" – "67" above with the same force and effect as if fully set forth herein.

69. "Coverage A – Bodily Injury and Property Damage Liability" in the Admiral Policy applies to "bodily injury" or "property damages" that occurs during the policy period and is caused by an "occurrence." (Ex. 1.)

70. The Admiral policy defines an "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

71. To the extent that Pi Delta or Mr. Meng become collaterally estopped in the Hazing Lawsuit to assert that their actions were accidental based upon criminal proceedings, or evidence otherwise proves that their actions were not accidental, then both defendants fail to meet the definition of "occurrence" under the Admiral policy.

72. "Coverage A – Bodily Injury and Property Damage Liability" in the Admiral Policy contains exclusion "a. Expected Or Intended Injury" that states the insurance provided under the Admiral policy does not apply to:

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property

73. Based upon the findings in the Order in the Hazing Lawsuit, and exclusion "a. Expected Or Intended Injury," there is no coverage under the Admiral policy for Pi Delta in the Hazing Lawsuit.

74. Admiral is entitled to a declaration that it has no duty to defend Pi Delta in the Hazing Lawsuit.

75. Admiral is entitled to a declaration that its duty to defend Pi Delta in the Hazing Lawsuit is terminated.

76. Admiral is entitled to a declaration that it has no duty to indemnify Pi Delta in the Hazing Lawsuit.

77. Based upon the findings in the Order in the Hazing Lawsuit, and exclusion "a. Expected Or Intended Injury," there is no coverage under the Admiral policy for Mr. Meng in the Hazing Lawsuit.

78. Admiral is entitled to a declaration that it has no duty to defend Mr. Meng in the Hazing Lawsuit.

79. Admiral is entitled to a declaration that its duty to defend Mr. Meng in the Hazing Lawsuit is terminated.

80. Admiral is entitled to a declaration that it has no duty to indemnify Mr. Meng in the Hazing Lawsuit.

## **PRAYER**

WHEREFORE, Admiral prays for judgment as follows:

1. That this Court determine and adjudicate the rights, duties and obligations of the parties with respect to the Admiral policy;

2. On the First Count: for a judicial declaration that Admiral has no duty to defend or indemnify Pi Delta and Mr. Meng is the Hazing Lawsuit and that Admiral's duty to defend or indemnify Pi Delta and Mr. Meng is terminated;

3. On the Second Count: for a judicial declaration that Admiral has no duty to defend or indemnify Pi Delta and Mr. Meng is the Hazing Lawsuit and that Admiral's duty to defend or indemnify Pi Delta and Mr. Meng is terminated;

4. On the Third Count: for a judicial declaration that Admiral has no duty to defend or indemnify Mr. Meng in the Hazing Lawsuit and that Admiral's duty to defend Mr. Meng is terminated;

5. On the Fourth Count: for a judicial declaration that Admiral has no duty to defend or indemnify Pi Delta and Mr. Meng is the Hazing Lawsuit and that Admiral's duty to defend or indemnify Pi Delta and Mr. Meng is terminated;

6. For expenses and costs of suit incurred herein; and,

7. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: September 16, 2019

                                             **PILLINGER MILLER TARALLO, LLP**

By: _____
                                             Neil L. Sambursky, Esq. (NS-8520)
                                             1140 Franklin Avenue, Suite 214
                                             Garden City, New York 11530

                                             Attorneys for Plaintiff ADMIRAL INSURANCE COMPANY