UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ADMIRAL INSURANCE COMPANY,

                Plaintiff,

        -against-

PI DELTA PSI FRATERNITY INC., *et al.*,

                Defendants.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19 CV 5275 (AMD) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On September 16, 2019, plaintiff Admiral Insurance Company commenced this action against Pi Delta Psi Fraternity Inc. ("Pi Delta") and Andy Meng. On October 7, 2019, plaintiff filed an Amended Complaint which added defendants Qing Yuan Deng, Xiu Fen Liu, and the Estate of Chun Hsien Deng (collectively, "defendants").[1] Plaintiff, an insurance provider, brought the Complaint seeking a declaratory judgment that it owes no duty to defend or indemnify Pi Delta or Mr. Meng for claims related to separate proceedings in state court stemming from Mr. Deng's fraternity hazing death. (Compl.[2] ¶¶ 12-17). To date, none of the defendants have filed an answer to the Complaint.

On January 7, 2020, the Court Ordered the parties to provide a status report to the Court by February 7, 2020. On February 10, 2020, plaintiff filed a status report stating that the parties had reached a settlement in principle. (ECF No. 15). The Court thus ordered that the parties file a status report or stipulation of discontinuance by March 13, 2020. However, the parties failed to file a status report by that date. On March 27, 2020, the Court issued another status report order

---

[1] The Amended Complaint seeks the same relief requested in the original Complaint, but adds the deceased's parents and estate as parties to the lawsuit.
[2] Citations to "Compl." refer to the Complaint, filed September 16, 2019, ECF No. 1.

which directed the parties to file a status report by April 27, 2020.  On April 28, 2020, after plaintiff failed yet again to file a status report, Chambers staff called plaintiff's counsel and left a voicemail enquiring as to the status of the filing of the status report.  Chambers received no response.  On May 26, 2020, the Court issued another Order, directing the parties to file a status report by June 9, 2020.  Finally, on June 23, 2020, the Court issued an order setting a final deadline of July 23, 2020 to file a status report; the Order stated that "[i]f no such report is received, this Court will recommend that the case be dismissed for lack of prosecution."  (ECF No. 17).  To date, the Court has not received a status report.

## DISCUSSION

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with [or without] prejudice as a sanction for his unjustified conduct."  West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).  "The law is clear.  The district court has the power to dismiss for failure to prosecute, on its own motion."  Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919 (1966)).  The authority to dismiss a case sua sponte arises from a court's inherent power, and is not limited by Rule 41 of the Federal Rules of Civil Procedure.  Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962); accord In re World Trade Center Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013).

Here, plaintiff Admiral Insurance Company has failed to move this case forward or inform the Court of the finalization of the purported settlement.  Plaintiff has received notice of its obligation to proceed with this litigation – namely, through this Court's Orders, dated March 27, 2020, May 26, 2020, and June 23, 2020, and by a phone call on April 28, 2020.  Despite the Court's Orders and Chambers' supplemental attempt to contact plaintiff's counsel by phone,

plaintiff has taken no action in this matter. It is therefore clear that plaintiff has ignored the Court, and has failed to prosecute this action. The Court therefore respectfully recommends that plaintiff's claims be dismissed without prejudice.

## CONCLUSION

As set forth above, the Court concludes that plaintiff Admiral Insurance Company has abandoned this action. The Court therefore respectfully recommends that the District Court dismiss its claims for failure to prosecute.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 5, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York